**IN THE SUPERIOR COURT OF GUAM OF GUAM**

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CF0095-22** |
| | GPD Report Nos. 21-18684 / 21-18686 / |
| v. | 21-31953 |
| **SEGUNDO AGUERO SABLAN,** | **DECISION AND ORDER** |
| DOB: 10/09/1994 | **GRANTING** |
| | **THE PEOPLE'S MOTION** |
| Defendant. | **TO REVOKE PROBATION** |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on June 7, 2024 for a Revocation Hearing in the above-captioned matter related to Segundo Aguero Sablan's ("Defendant's") failure to abide by his probationary terms. Defendant was represented by Assistant Public Defender Jocelyn Roden. The People of Guam were represented by Assistant Attorney General Leta Womack. Having duly considered the Parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order Revoking Defendant's Probation.

## BACKGROUND

On February 6, 2023, Defendant pled guilty to two counts of Possession of a Schedule II Controlled Substance (as a 3rd Degree Felony) and one count of Possession of an Unregistered Firearm (as a 3rd Degree Felony). See Judgment of Conviction (Mar. 28, 2023). A judgment was entered imposing the following relevant conditions of probation:

- **MANDATORY REPORTING:** Defendant shall report to the Adult Probation Office once a month in person, or as ordered by the Court or the Probation Office.

- **LAWS:** Defendant shall obey all federal and local laws of Guam.

- **FINE:** Defendant shall pay a **fine** of **ten thousand dollars ($10,000.00)** plus **court costs** of **eighty dollars ($80.00)**. Defendant shall pay no less than two hundred twenty

Decision and Order Granting the People's Motion to Revoke Probation
CF0095-22, *People of Guam v. Segundo Sablan*
Page 1 of 5

dollars ($220.00) per month following Defendant's release from the Department of Corrections. If financially unable to pay this fine, all but seven hundred fifty dollars ($750.00) may be converted to community service at the prevailing minimum wage rate. The seven hundred fifty dollars ($750.00) must be paid in full prior to the end of the supervision time period.

- **COMMUNITY SERVICE:** Defendant shall complete **three hundred (300) hours** of **community service** under the direction of the Adult Probation Office. All or part of the community service imposed may be converted into a fine at the current prevailing minimum wage.

- **COUNSELING/TREATMENT:** Defendant shall attend and successfully complete twenty-four (24) self-help meetings under the direction of the Guam Behavioral Health and Wellness Center (GBHWC).

- **COUNSELING/TREATMENT:** Defendant shall attend and successfully complete and drug and/or alcohol counseling program recommended by the Court after assessment at GBHWC at no cost to the Defendant. Defendant shall diligently report to GBHWC for intake and assessment within seventy-two (72) hours from his release from the Department of Corrections.

Id.

On May 18, 2023, a Violation Report was filed indicating that Defendant had failed to report to the Adult Probation Office. See First Violation Report (May 18, 2023). Defendant hadn't reported to the Adult Probation Office since February 2023, despite being ordered to report on a monthly basis. Id.

Another Violation Report was filed later that year, indicating that Defendant had been arrested and indicted in CF0602-23, where he's currently charged with Possession of a Concealed Firearms Without a Valid Firearm's Identification Card (as a 3rd Degree Felony) and Possession of an Unregistered Firearm (as a 3rd Degree Felony). See Second Violation Report (Sep. 22, 2023). It was also made known that Defendant was actively violating several of his probation conditions. Id. These violations include failing to make any payments towards his fine and court costs, failing to complete

Decision and Order Granting the People's Motion to Revoke Probation
CF0095-22, *People of Guam v. Segundo Sablan*
Page 2 of 5

any community service hours, failing to attend any of his "self-help" meetings, and failing to attend and successfully complete a drug rehabilitation program. Id.

On February 6, 2024, the People filed their Motion to Revoke Defendant's Probation and Impose Jail Sentence ("Motion"). The People base their request on Defendant's felony indictment in CF0602-23 and his numerous other probation violations. See Motion (Feb. 6, 2024).

On June 7, 2024, the Court held a Revocation Hearing and subsequently took the matter under advisement. See Minute Entry (Jun. 7, 2024).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

See 9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

See *People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." Id. at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

Decision and Order Granting the People's Motion to Revoke Probation
CF0095-22, *People of Guam v. Segundo Sablan*
Page 3 of 5

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. See 9 G.C.A. § 80.68(a). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." Id. Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." See 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant violated his probation conditions and that there is probable cause to support the violations. Since entering probation, Defendant has been arrested and indicted in CF0602-23 on two new felony gun charges. Defendant has also failed to make any progress on paying off his fine, completing his community service, or attending his "self-help" meetings.

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." See 9 G.C.A. § 80.66(a)(2).

Based on a review of the record, it is clear that Defendant has exhausted the trust of the Court by violating his probationary conditions. Defendant's violations began shortly after entering probation. Defendant failed to report to the Adult Probation Office just one month into his probation, suggesting he's incapable of following this condition moving forward. Defendant also faces new two new felony charges in CF0602-23, establishing his clear disregard towards following court orders or the laws of Guam.

Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore, the Court finds that revocation is in the public's best interest and satisfies the ends of justice. See 9 GCA § 80.66(a)(2).

Decision and Order Granting the People's Motion to Revoke Probation
CF0095-22, *People of Guam v. Segundo Sablan*
Page 4 of 5

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant's probation in the above-captioned matter.

The Defendant is hereby **SENTENCED** as follows:

- Defendant is sentenced to **three (3) years incarceration,** at the Department of Corrections, Mangilao with credit for time served.

After the completion of the Defendant's sentence the Court shall close the above-captioned case.

**IT IS SO ORDERED** this ___August 9, 2024___

_____
**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Granting the People's Motion to Revoke Probation
CF0095-22, *People of Guam v. Segundo Sablan*
Page 5 of 5